UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELLE LYNN MARSHALL,

                Plaintiff,

v.                                            5:16-CV-1245
                                            (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ        PETER W. ANTONOWICZ, ESQ.
  Counsel for Plaintiff
148 West Dominick Street
Rome, New York 13440

SOCIAL SECURITY ADMINISTRATION       VERNON NORWOOD, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this action for Social Security benefits filed by Michelle Lynn Marshall ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 16, 17.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Relevant Procedural History

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law: (1) Plaintiff met the insured status requirements through December 31, 2017, and had not engaged in substantial gainful activity from September 6, 2009, through July 10, 2013; (2) Plaintiff had the severe impairments of diabetes with neuropathy and a mental impairment; (3) Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) from September 6, 2009, through July 10, 2013, Plaintiff had the residual functioning capacity ("RFC") to perform light work, except that Plaintiff could frequently, but not continuously, finger; and (5) Plaintiff was incapable of performing her past relevant work but that jobs existed in significant numbers in the national economy that Plaintiff could perform. (T. at 884-94.)

Generally, in Plaintiff's brief in support of her Complaint, Plaintiff argues that, in rendering his RFC determination, the ALJ failed to properly evaluate the medical source opinion of Plaintiff's treating psychiatrist, Edward Mehrhof, M.D., in accordance with 20 C.F.R. §§ 404.1527 and 416.927. (Dkt. No. 11, Attach. 1, at 13-21 [Plf.'s Brief].)

Generally, in his brief, Defendant argues that, in rendering his RFC determination, the ALJ properly afforded limited weight to Dr. Mehrhof's opinions because a treating source's opinion is not entitled to controlling weight where, as here, it is contradicted by other substantial evidence of record (including Plaintiff's clinical findings, treatment notes, improvement with medication, and active lifestyle); and thus substantial evidence supports the ALJ's RFC determination. (Dkt. No. 14 at 12-19 [attaching pages "10" through "17" of Def.'s Brief].)

### B. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered two findings of fact and/or conclusions of law. (Dkt. No. 16, Part IV.)

First, Magistrate Judge Carter concluded that the ALJ did not err in affording Dr. Mehrhof's opinion limited weight for the following four reasons: (a) Dr. Mehrhof's statement that Plaintiff was "disabled" was entitled to no weight because the ultimate finding of whether a plaintiff is disabled and cannot work is reserved to the Commissioner; (b) Dr. Mehrhof's opinion was not supported by objective clinical findings, and indeed some of his treatment notations did not contain any objective observations but only sparse comments; (c) the terminology used by Dr. Mehrhof was not properly defined (thus making his assessments less helpful in evaluating Plaintiff's limitations); and (d) Dr. Mehrhof's assessments were inconsistent with Plaintiff's activities of daily living and her mental impairments' improvement with medication. (*Id.*)

Second, Magistrate Judge Carter concluded that the ALJ's RFC finding was supported by substantial evidence in that it relied on (a) the opinions of E. Kamin, Ph.D., Jeanne Shapiro, Ph.D., and other mental health providers, and (b) Plaintiff's testimony as to her own activities of daily living. (*Id.*)

### C. Objections to the Report-Recommendation

Generally, in her Objection to the Report-Recommendation, Plaintiff argues that Magistrate Judge Carter erred in upholding the ALJ's assessment that Dr. Mehrhof's opinion should be given limited weight for the following four reasons: (1) Dr. Mehrhof's statement that Plaintiff is "disabled" had to be considered (albeit not as determinative) because it was his opinion as to the severity of Plaintiff's condition; (2) because the medical opinion of Dr.

Mehrhof was supported by his trained observations of Plaintiff, his opinion was supported by objective clinical findings; (3) the terminology referenced by the ALJ was commonly used by the Social Security Administration, was contained in a form that mirrored those used by the Social Security Administration, and was defined in regulations, Social Security rulings and the Program Operations Manual System; and (4) by focusing on isolated references made by Plaintiff as to her daily activities (and improvement with medication), the ALJ disregarded substantial evidence to the contrary, as set forth in Plaintiff's underlying brief. (Dkt. No. 17, Points I-IV.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review of Magistrate Judge Carter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

material that could have been, but was not, presented to the magistrate judge in the first instance.² Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3

---

²   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 21, at Part III.A.)

---

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court finds that the portion of the Report-Recommendation to which Plaintiff did not specifically object (i.e., the second conclusion set forth above in Part I.B. of this Decision and Order) survives a clear-error review, and the portion of the Report-Recommendation to which Plaintiff did specifically object (i.e., the first conclusion set forth above in Part I.B. of this Decision and Order) survives a de novo review: Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 16.) (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. To those reasons, the Court adds only the following analysis.

In Plaintiff's first objection, she cites two cases for the point of law that an opinion by a treating physician that a claimant is "disabled" *must* be considered (even though it is not determinative). (Dkt. No. 17, at 2.) For the sake of brevity, the Court will set aside the fact that the cases actually state that such an opinion is "merely a consideration," relying on what is now 20 C.F.R. § 404.1527(d)(1). *Mercado v. Berryhill*, 16-CV-6087, 2017 U.S. Dist. LEXIS 122474, at *28 (S.D.N.Y. Aug. 3, 2017); *Guzman v. Astrue*, 09-CV-3928, 2011 U.S. Dist. LEXIS 12586, at *29-30 (S.D.N.Y. Feb. 4, 2011). More important is the fact that the ALJ clearly considered the opinion–as "not supported by the claimant's clinical findings, treatment notes, or improvement with medication," and as "inconsistent with her activities." (T. 891.)

With regard to Plaintiff's second objection, the Court agrees with both Magistrate Judge Carter and the ALJ that, despite having been requested to do so, Dr. Mehrhof failed to provide sufficient clarification as to what degree his assessment at Exhibit 21F was based on objective medical evidence that he could point to in his notes versus Plaintiff's subjective complaints. (*Compare* Exhibit 20B *with* T. 1255-57.)

With regard to Plaintiff's third objection, the Court agrees with both Magistrate Judge Carter and the ALJ that "the degrees of limitations reported by Dr. Mehrhof were not defined." (Tr. 891.) Granted, some of the degrees of limitations reported by Dr. Mehrhof in Exhibit 21F are defined in 20 C.F.R. § 404.920a and the Program Operations Manual System DI 34001.032. Again, for the sake of brevity, the Court will set aside the fact that it is unclear if Dr. Mehrhof was using the terms "Mild," "Moderate," "Marked," and "Extreme," according to the definitions set forth in the above sources. More important is the fact that other degrees of limitations (e.g., "Partial") are not defined in the above sources, and were not defined by Dr. Mehrhof. (Exhibit 21F.) Moreover, even if the ALJ's reliance on this lack of definitions was error, it was harmless error given the other grounds on which to base a decision to afford Dr. Mehrhof's opinion limited weight.

Finally, Plaintiff's fourth objection admittedly consists of simply a reiteration of an argument asserted in her underlying brief (*compare* Dkt. No. 17, Point IV [Plf.'s Obj.] *with* Dkt. No. 11, at 17-20 [Plf.'s Brief]), thus requiring that the "challenged" portion of the Report-Recommendation be subjected to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order. That portion of the Report-Recommendation easily survives that review. The Court notes that Magistrate Judge Carter's second conclusion explains why the ALJ's RFC finding was supported by substantial evidence. *See, supra,* Part I.B. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Social Security benefits is **AFFIRMED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 30, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge